## MYATT v. LOCK. (No. 3054.)

Court of Civil Appeals of Texas. Amarillo. Oct. 10, 1928.

Rehearing Denied Oct. 31, 1928.

Will Crow, of Canadian, for appellant.

Hoover & Hoover, of Canadian, for appellee.

JACKSON, J. This suit was instituted in the district court of Hemphill county, Tex., on July 13, 1927, against the appellee, Virgil Lock, to rescind a contract for the purchase of certain personal property, recover the consideration paid to appellee by appellant, and cancel certain notes given as a part of the purchase price for the property.

The appellant alleges that about January 21, 1927, he purchased from appellee a certain shoeshop, consisting of machines, tools, furniture, and the stock of goods used in connection with the shop for a consideration of $1,500, which was paid and to be paid as follows: $100 in money and the delivery to appellee by appellant of a note properly indorsed, in the sum of $700, executed by W. J. Clark and wife, and payable to appellant one year after its date, April 4, 1926, and bearing interest at the rate of 7 per cent. per annum, and the execution and delivery by appellant of his two promissory notes aggregating the sum of $750, each payable to appellee June 1, 1927; that appellee accepted the $100 in money and the $700 note as the cash payment, and retained a lien to secure the two notes aggregating $750 against the property; that, for said consideration, appellee promised appellant a clear and merchantable title to the property; that, at the time of the transaction, there was against said property a chattel mortgage securing a promissory note in the sum of $800, payable June 7, 1925, to J. H. Lock, bearing interest, but the rate thereof is unknown to appellant; that there was also an account in the sum of $270, due Hughes, Bozarth & Anderson, of Oklahoma City, and an account due Scott & Thomas, of Amarillo, Tex., for about $233.10; that all of said indebtedness was incurred by appellee long before the sale of the property to appellant, and the accounts were for goods, wares, and merchandise purchased and used by appellee in the business; that the $233.10 was reduced to judgment in the justice court of Potter county, Tex., and a garnishment run upon the plaintiff and judgment obtained against him; that it was agreed, at the time of the transaction, that appellee would immediately pay off and discharge, as a part of the consideration therefor, the above-described indebtedness and lien against the property, so that appellant would have a clear and merchantable title thereto, subject only to the two promissory notes aggregating the sum of $750, payable to appellee, and secured by a chattel mortgage on the property sold; that appellee has failed and refused to pay and satisfy said debts and lien, and, because of such failure and refusal to comply with his contract and protect plaintiff from such debts and lien, suits and threatened suits, all of which has resulted to the great damage of appellant both in business and credit, appellant has elected to rescind the contract, here tenders into court the property he purchased from appellee, and prays that the two notes given by appellant to appellee be canceled, and the $700 note which was accepted as a part of the cash consideration, and which appellee still holds, be returned to appellant.

The defendant answered by general demurrer, special exceptions, general denial, and alleged that about the 1st of October, 1926, he sold and delivered to appellant an undivided one-half interest in the property for a consideration of $1,000, which appellant agreed and obligated himself to pay; that appellee, as a part of the consideration, did accept the note executed by Clark for the sum of $700, which was duly credited on the cash payment; that the remainder of $300 was to be paid to appellee on demand; that about December 15th appellant paid appellee an additional sum of $100 in cash; that about January 21, 1927, the appellant purchased appellee's remaining interest in the property, and agreed and obligated himself to pay a note for the sum of $550 due June

1, 1927, and the assumption and payment of an account due Hughes, Bozarth & Anderson in the sum of $250, an account due Henry E. Bragg Leather Company in the sum of $67.65, at which time the note for $200, the balance due from appellant to appellee on the first transaction by which appellant acquired a one-half interest in the property, was also executed and made payable on June 1, 1927; that it was well known to appellant at the time of both purchases that there was an unreleased mortgage on said property in favor of J. H. Lock, securing the payment of a note for about $830, due June 7, 1925; that, at the time of the second transaction, it was agreed between the parties that said mortgage could and would be released when the two notes given by appellant to appellee, aggregating the sum of $750, were paid; that it was known to appellant that appellee had made arrangements for the release of the mortgage on the payment of said notes, and that appellant has never, at any time, demanded a release of said mortgage, has never been disturbed in his possession of the property by reason of said mortgage, but has been at all times, and still is, in possession of, using and enjoying, said property, and appellee has, at all times, been able and willing to release said mortgage on the payment of said two notes; that the release of said mortgage was contingent upon the payment of appellant's notes, which he failed and refused to do, and he is therefore estopped from asserting any right to a rescission by virtue of said unreleased mortgage; that the $233.10 alleged to be due Scott & Thomas was a personal obligation of appellee, and was not in payment for merchandise used in said shoeshop nor anything for which the property could be held after it had been sold to appellant; that the judgment therefor is invalid and void, for the reason that the amount thereof is in excess of the jurisdictional amount of the justice court, and that appellant never became obligated or liable to pay said judgment or any part thereof, but, in the event he is held liable thereon, such liability arose through his negligence in not contesting the garnishment suit; that appellee is not the owner of the $700 Clark note, but has long since assigned and delivered it to Boyd Shelton for a valuable consideration.

The appellee, after the default of appellant in the payment of his two notes aggregating the $750 secured by a mortgage lien, placed them in the hands of an attorney for collection, and the property was sold under the provisions of the mortgage securing said notes, subject to the prior chattel mortgage in favor of J. H. Lock; that the appellee became the purchaser of said property at such sale for the sum of $846.07; that said sale was made and had under the terms of the mortgage, was regular and legal, and, by virtue thereof, appellee became the equitable owner of said property, and is entitled to the possession thereof.

Appellee, by way of cross-action, pleads that if, for any reason, said sale was invalid, then appellee alleges that he is entitled to a judgment against appellant on said two notes aggregating the sum of $750, with interest and attorney's fees, and a foreclosure of his mortgage lien against the property, for all of which he prays.

This is a sufficient statement of the pleadings for the purposes of this appeal.

A jury was impaneled to try the issues of fact, but, at the conclusion of the testimony, the court directed a verdict in favor of appellee, and, upon the verdict so returned, entered judgment that appellant take nothing by his suit, and appellee have and recover title and possession of the property.

Appellant presents numerous assignments of error, assailing the action of the trial court in overruling certain exceptions urged to appellee's answer, and in excluding from evidence the judgment obtained in the justice court of Potter county, Tex., by Scott & Thomas, for the sum of $233.10. These assignments, in our opinion, under the facts revealed in the record, do not present reversible error.

The appellant urges as error the action of the trial court in peremptorily instructing a verdict against him, as he maintains that the pleadings and evidence present issues of fact which should have been submitted to the jury.

The testimony discloses that appellant purchased from appellee an undivided one-half interest in the shop about November 9, 1926, delivered the note for $700 executed by Clark and his wife to appellant, and agreed to pay, in addition to said note, for the one-half interest, the sum of $300; that, at the time of this transaction, appellant took joint possession with appellee of the property and business, which they continued to run; that in December, 1926, appellee received from appellant's interest in the moneys derived from the business $100; that about January 21, 1927, appellant purchased the remaining interest of appellee in the shop, and took possession of the entire property, and executed his two notes to appellee, one for the sum of $200 and one for the sum of $550, both due June 1, 1927; that, after the transaction on January 21, 1927, appellant continued in possession of the property, used the tools and machinery, disposed of merchandise of the value of about $600, and retained all the revenues derived from the operation of the business, and that at the date of the trial of this suit he was still in possession of the machinery, tools, and business, and tendered the same in court for the benefit of appellee; that appellant knew of the debt to Hughes, Bozarth & Anderson as early as December, 1926, but did not know until August, 1927, of the $67.65 due Henry E. Bragg Leather Company.

There is no testimony showing that the debt due Scott & Thomas, and which was

reduced to judgment, was for merchandise sold to appellee. The testimony shows that Hughes, Bozarth & Anderson had threatened to sue appellant for their account, but had never done so, and that appellant had paid about $80 on said account; that appellant, on January 21, 1927, executed and delivered to appellee a chattel mortgage on the shoeshop, securing the payment of the two notes for $200 and $550 respectively, given by appellant to appellee as a part of the consideration for the shop; that said mortgage was given subject to a prior chattel mortgage securing a note, with interest thereon in favor of J. H. Lock, and provides that, in default of the payment of the notes, appellee is authorized to take possession of the property and sell the same with or without possession, at public or private sale, etc.

The appellant testified that the prior mortgage held by J. H. Lock was to be paid by appellee with the Clark note and with the $200 note given by appellant to appellee, and be released when the $200 note was paid.

The testimony is conflicting as to whether appellee promised to pay the account of Hughes, Bozarth & Anderson and the account of the Henry E. Bragg Leather Company, or whether the appellant agreed to assume the payment of said accounts.

. The appellee testifies that the mortgage to J. H. Lock was to be released at the time appellant paid him the $200 note and the $550 note, and he had arranged to have the mortgage released when such payments were made. The testimony is uncontroverted that neither of these notes, nor the $700 note executed by Clark, had been paid.

The appellant's pleading, as substantially stated by him in his brief, is that, by reason of the failure and refusal of appellee to pay and discharge the indebtedness, including the mortgage to J. H. Lock, and have said mortgage released, appellant had been harassed and embarrassed with duns and threats, and, for the failure of appellee to comply with the sales contract, appellant had elected to rescind the sale, and tendered the property into the registry of the court. Appellee had sold the $700 Clark note.

The testimony discloses that appellant had disposed of the merchandise that he had purchased from appellee of the reasonable value of $600, and he therefore was not in a position to make such a tender as would leave the parties in status quo.

It will be noted that appellant did not plead fraud, accident, or mistake, nor did he plead or prove that under the contract of sale it was agreed that the failure of appellee to discharge the indebtedness would authorize him to rescind the sale. He had not been disturbed in his possession by reason of any of the outstanding indebtedness; he had been out the $700 note and $100 in cash only, and had disposed of $600 worth of the property, and received the benefits and revenues derived from the business from the time of his purchase on January 21, 1927, until the date of the trial. Appellant instituted suit to rescind the contract on July 13, 1927.

2 Black on Rescission and Cancellation, p. 1279, par. 542, on rescission of sales of personal property, says:

"From an examination of the authorities, it would appear that thirty days is about the utmost length of time which the courts are disposed to allow to the purchaser for this purpose, unless there are unusual circumstances in the case excusing a longer delay. At any rate, periods of time ranging from one month to a year have been held too great to save the party attempting to rescind from the imputation of laches; while on the other hand, purchasers who have rescinded a sale within periods extending from one day to thirty days have been held to have acted with reasonable promptness."

■ The sale of the property by appellee under his mortgage, as disclosed by the record, was regular, and brought a fair value, at which sale appellant was present. While appellee purchased the property pending litigation and subject to the final judgment rendered in the suit, the litigation terminating in his favor rendered such sale under the mortgage effective.

■ Inasmuch as appellant admittedly failed to comply with his contract to pay appellee the consideration as agreed, retained possession of the property and the revenues derived from the business, and was not in position to make such a tender as equity requires, and waited approximately six months before asking for rescission, and the sole ground upon which he asked rescission was the failure of appellee to discharge certain indebtedness against the property, according to his contention of the agreement, we are of the opinion that he failed to show a right of rescission, and the court correctly directed a verdict against him.

The judgment is affirmed.